IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONNA MAHONEY AND AMANDA MAHONEY m/d** ) | Case Number |
| Plaintiffs ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| **WINDHAM PROFESSIONALS, INC.** ) Defendant ) | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, Donna and Amanda Mahoney, m/d, by and through their undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.  INTRODUCTORY STATEMENT**

1.  Plaintiffs, Donna and Amanda Mahoney, m/d, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (ðFDCPAö), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.  JURISDICTION**

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiffs reside in the District.

### III. PARTIES

4. Plaintiffs, Donna and Amanda Mahoney, m/d, are adult natural persons residing in Wenonah, NJ 08090. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Windham Professionals, Inc., ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey and the State of New Hampshire, with its principal place of business located at 380 Main Street, Salem, NH 03079.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. For at least eighteen (18) months, Plaintiff, Amanda, has been receiving collection calls from the Defendant for a debt allegedly owed for an on-line class Plaintiff signed up for at Camden County College.

8. Plaintiff, Amanda, was informed that she owed the Defendant approximately $681.00.

9. Plaintiff, Amanda, was residing in Florida at the time.

10. Plaintiff, Amanda, explained to the Defendant that she had cancelled this class before attending.

11. Defendant informed Plaintiff, Amanda that it did not matter she was still responsible for the debt.

12. Plaintiff, Amanda, started to make monthly payments to the Defendant to pay toward this debt.

13. At about that same time, Plaintiff, Donna, started to receive calls to her home, from Defendant looking for Plaintiff, Amanda.

14. Plaintiff, Donna, is not named on Plaintiff, Amanda's account.

15. Defendant calls Plaintiff, Donna's, home several times a day.

16. Plaintiff, Donna, resides in New Jersey.

17. Calls from Defendant continued to Plaintiff, Donna, despite the fact that the Defendant was informed numerous times that her daughter Plaintiff, Amanda, did not reside with her.

18. Defendant had full knowledge of the whereabouts of Plaintiff, Amanda, however, Defendant continued to call, her mother's home in regards to this account.

19. Plaintiff, Donna, gave Defendant her daughter's number each time Defendant called, however the calls to Plaintiff, Donna's home continued.

20. Plaintiff, Donna, states that the majority of the calls from the Defendant were automated.

21. Plaintiff, Donna, admits the calls have become such a constant nuisance that she and her family have stopped answering the phone.

22. In or around March, 2011, Plaintiff, Donna, received a voice mail from an agent, "John Williams", who stated that he was calling from Camden County College.

23. Plaintiff, Donna, called back the number to find that it was not the college at all but the Defendant again looking for payment from Plaintiff, Amanda.

24. Around that same time, Plaintiff, Donna, received a call to her home at approximately 6:00 am on a Saturday morning.

25. In or around April, 2011, Plaintiff, Amanda, paid off her debt.

26. Despite the debt being paid in full, Defendant continued to call both Plaintiffs.

27. In or about June, 2011, Plaintiff, Amanda, moved back to New Jersey and now resides with her mother, Plaintiff, Donna.

28. Defendant continued to call Plaintiffs home stating that they needed to negotiate the "final payment" on this account.

29. Plaintiff, Amanda, did not understand since she thought the debt had already been satisfied.

30. On or about June 6, 2011, Defendant explained to Plaintiffs, that there was a remaining fee of $106.00 which was a combination of collection and interest fees.

31. Plaintiff, Donna, inquired why these costs were not included in the original balance.

32. Defendant demanded to know what the Plaintiffs were willing to negotiate.

33. Plaintiff, Donna, did not understand why any further payments should be made since the original balance had already been paid in full by her daughter, Plaintiff, Amanda.

34. Plaintiff, Amanda, has never received anything in writing in regards to the "final payment" that is now said to be due.

35. As of the filing of this complaint, Defendant continues to make automated calls to the Plaintiffs several times daily.

36. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

37. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

38. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

39. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

40. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy,

damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I - FDCPA

41. The above paragraphs are hereby incorporated herein by reference.

42. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a õdebtö defined by 15 U.S.C. § 1692a(5).

43. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer before 8:00am or after 9:00pm |
| §§ 1692c(b) | With anyone except consumer, consumerøs attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | | |
|---|---|---|
| | §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Windham Professionals, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

V.     **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: September 6, 2011**

**BY:     /s/Bruce K. Warren**
Bruce K. Warren, Esq.

**BY:     /s/Brent F. Vullings**
Brent F. Vullings, Esq.

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneysø for Plaintiffs